# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-1256V
(not to be published)

|  |  |
|---|---|
| NORMA KELLER, Personal Representative of the ESTATE of ELIZABETH KELLER, | Chief Special Master Corcoran |
| Petitioner, | Filed: November 20, 2019 |
| v. | Special Processing Unit (SPU); Attorney's Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Nancy Routh Meyers, Ward Black Law, Greensboro, NC,* for Petitioner.

*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 21, 2018, Norma Keller, as personal representative of the estate of Elizabeth Keller, ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that Elizabeth Keller suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on September 19, 2017. (Petition

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 1).  On July 16, 2019,  a decision was issued awarding compensation to Petitioner based on the Respondent's proffer.  (ECF No. 29).

Petitioner has now filed a motion for attorney's fees and costs, dated October 29, 2019, (ECF No. 35), requesting a total award of $17,857.03 (representing $15,130.50 in fees and $2,726.53 in costs). In accordance with General Order #9, Petitioner filed a signed statement indicating she has incurred $2,136.00 in out-of-pocket expenses. (ECF No. 35-1). Respondent reacted to the motion on October 30, 2019 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 36). On October 30, 2019, Petitioner filed her reply concurring with Respondent's recommendation that the Chief Special Master exercise his discretion in determining a reasonable award for attorney's fees. (ECF No. 37).

I have reviewed the billing records submitted with Petitioner's request.  In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Accordingly, I  hereby GRANT Petitioner's Motion for attorneys' fees and costs. **I award the following:**

1. **A lump sum in the amount of $17,857.03, representing reimbursement for attorney's fees and costs in the form of a check payable to Petitioner and Petitioner's Counsel and;**

2. **A lump sum in the amount of $2,136.00 representing reimbursement for in the form of a check payable to Petitioner.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master